## BANKS AND BANKING—FACTORS.

[Hamilton (1st) Circuit Court, April 9, 1910.]

Giffen, Smith and Swing, JJ.

DAVID M. SMITH ET AL. v. CITY HALL BANK.

1. BURDEN IS ON OWNERS TO PROVE PROCEEDS OF SALES MADE BY FACTORS WERE DEPOSITED IN BANK ON PARTICULAR DAY.

In an action for recovery of the proceeds of sales made by factors and deposited in a bank, the burden is on the owners of the property sold to prove that the proceeds from the sales in question were deposited on that particular day and remained in possession of the bank.

2. BANK NOT HELD TO KNOW OWNERSHIP OF DEPOSITS BY FACTORS ON PARTICULAR DAY.

Although a bank may be deemed to have known that the greater portion of the deposits made by the factors was derived from sales made for their customers, it cannot be held to have had knowledge of the ownership of the deposits made on a particular day or to be liable for the payment in good faith of checks drawn against such deposits.

3. CHECKS DRAWN BY FACTORS, NOT ACCEPTED BY BANK, HAVE NO PREFERENCE.

Checks drawn by factors and held by their customers, but not accepted by a bank, have no preference against the fund on deposit over the claims of general creditors.

APPEAL from common pleas court.

*Bennett & Utter,* for plaintiffs:

Cited and commented upon the following authorities: 12 Am. & Eng. Enc. Law (2 ed.) 628, 629, 696; 28 Am. & Eng. Enc. Law (2 ed.) 1115, 1116, 1118; *Sutliff* v. *Bank,* 18 Dec.

Smith v. Bank.

354 (6 N. S. 177); *Mannix* v. *Purcell,* 46 Ohio St. 102 [19 N. E. Rep. 572; 2 L. R. A. 753; 15 Am. St. Rep. 562]; *Campbell* v. *State,* 35 Ohio St. 70; *Union Stock Yards Bank* v. *Gillespie,* 137 U. S. 411 [11 Sup. Ct. Rep. 118; 34 L. Ed. 724]; *Central Nat. Bank* v. *Insurance Co.* 104 U. S. 54 [26 L. Ed. 693]; *Commercial Nat. Bank* v. *Armstrong,* 6 O. F. D. 383 [39 Fed. Rep. 684]; *Hunter* v. *Robbins,* 117 Fed. Rep. 920; *Union Stock Yards Bank* v. *Moore,* 79 Fed. Rep. 705; *Baker* v. *Bank,* 100 N. Y. 31 [2 N. E. Rep. 452; 53 Am. St. Rep. 150]; *Clemmer* v. *Bank,* 157 Ill. 206 [41 N. E. Rep. 728]; *LaForte* v. *Carpenter,* 91 Hun. 76 [36 N. Y. Supp. 168]; *Cavin* v. *Gleason,* 105 N. Y. 256 [11 N. E. Rep. 504]; *Ellicott* v. *Kuhl,* 60 N. J. Eq. 333 [46 Atl. Rep. 945]; *Cushman* v. *Goodwin,* 95 Me. 353 [50 Atl. Rep. 50]; *Peters* v. *Bain,* 133 U. S. 670 [10 Sup. Ct. Rep. 354; 33 L. Ed. 696]; *Veil* v. *Mitchell,* 4 Wash. 105; *Fahnestock* v. *Bailey,* 60 Ky. (3 Metc.) 48 [77 Am. Dec. 161]; *National Cordage Co.* v. *Sims,* 44 Neb. 148 [62 N. W. Rep. 514]; *Merrill* v. *Bank,* 36 Mass. (19 Pick.) 32; *Heidelbach* v. *Bank,* 87 Hun. 117 [33 N. Y. Supp. 794]; *Cady* v. *Bank,* 46 Neb. 756 [65 N. W. Rep. 906]; *Van Alen* v. *Bank,* 52 N. Y. 1; *Burtnett* v. *Bank,* 30 Mich. 630; *Davis* v. *Bank,* 29 S. W. Rep. 926 (Civ. Tex. App.); *Third Nat. Bank* v. *Gas Co.* 36 Minn. 75 [30 N. W. Rep. 440]; *Commercial Nat. Bank* v. *Armstrong,* 6 O. F. D. 383 [39 Fed. Rep. 634]; *Skunk* v. *Bank,* 9 Dec. Re. 684 (16 Bull. 353); *Cincinnati, H. & D. Ry.* v. *Bank,* 54 Ohio St. 60 [42 N. E. Rep. 700; 31 L. R. A. 653; 56 Am. St. Rep. 700]; *Covert* v. *Rhodes,* 48 Ohio St. 66 [27 N. E. Rep. 94]; *Lotze* v. *Hoerner,* 11 Dec. Re. 131 (25 Bull. 31); 4 Cyc. 50; *Converseville Co.* v. *Woollen Co.* 14 Hun. (N. Y.) 609; *Duguid* v. *Edwards,* 50 Barb. (N. Y.) 288; *Martin* v. *Moulton,* 8 N. H. 504; *District Township of Eureka* v. *Bank,* 88 Iowa 194 [55 N. W. Rep. 342]; *Robb* v. *Roelker,* 9 O. F. D. 24 [66 Fed. Rep. 23]; 7 Enc. Pl. & Pr. 361, 362, 363; *Moffat* v. *Wood,* Seld. Notes (N. Y.) 200; *Powers* v. *Benedict,* 88 N. Y. 605; *Hersey* v. *Benedict,* 15 Hun. (N. Y.) 282; *Miller* v. *Lake,* 24 W. Va. 545; *Second Nat. Bank* v. *Morrison,* 3 Dec. Re. 534; *Morgan* v. *Skidmore,* 3 Abb. N. Cas. (N. Y.) App. 92; *Radman* v. *Haberstro,* 49 Hun. (N. Y.) 605 [1

N. Y. Supp. 561]; *Bowen* v. *Mandeville,* 95 N. Y. 237; *Parken* v. *Knox,* 60 Hun. 550 [15 N. Y. Supp. 256]; *Walden Nat. Bank* v. *Birch,* 130 N. Y. 221 [29 N. E. Rep. 127; 14 L. R. A. 211]; *Ridgely Bank* v. *Patton,* 109 Ill. 479; *Hobbs* v. *Hobbs,* 58 N. H. 51.

*Robertson & Buchwalter* and *Theodore C. Jung,* for defendant.

## GIFFEN, P. J.

The plaintiffs in the several actions consolidated under the above title aver that on November 11, 1907, and for thirteen years prior thereto the firm of Rabenstein, Harris & Conner were engaged in business as live stock commission men and brokers, having a deposit account in the defendant bank; that the bank knew the nature of the firm's business, and that the greater portion of the money deposited by the firm was the proceeds of the sale of live stock belonging to their customers; that during the period from the latter part of October to November 11, 1907, they consigned live stock to said firm, which was sold and the proceeds deposited in the defendant bank, and are still in the possession of defendant; that said firm was then and for a long time prior thereto insolvent, and known to be so by the defendant; that on November 11, 1907, said firm made an assignment for the benefit of creditors, and was subsequently adjudged a bankrupt; that the plaintiffs notified defendant that the money so deposited was the proceeds of such sales and demanded payment. The answer, in so far as it is necessary to here consider it, is a general denial.

The plaintiffs assume the burden of proving not only that the proceeds of such sales were deposited in the bank, but that they are still in the possession of the bank; nor do they now claim that the bank is liable to account to them in any greater sum than the balance due to the insolvent firm on November 11, 1907, to wit, $3,674.01.

On November 5, 1907, the account was overdrawn $700.81; on November 6, $1,259.19; on November 7, $125.87, and on November 9, $70.09. The latter does not appear at the close

### Smith v. Bank.

of business on that day, but by reason of the custom on Saturday of each week to exchange checks at the clearing house at an earlier hour than other days, the checks on Saturday, November 9, were presented and honored before the deposits of that day were made. It is self-evident that any deposits made by the firm prior to any of such overdrafts ceased to be thereafter in the possession of the bank; and it can not be held liable, unless it knew or ought to have known that such deposits were the proceeds of sales of cattle belonging to the plaintiffs. While the defendant must have known that the greater portion of the money so deposited was derived from sales of live stock belonging to the customers of the firm, it had no knowledge that the proceeds of sales here involved were a part of the deposits, or of the fund in controversy; and the account being an ordinary and general bank account it was justified in honoring good faith any check presented.

The only plaintiffs who have traced the proceeds into the bank and identified them as a part of the balance November 11, 1907, are H. L. Tanner, $166.80, deposited on the 9th, and $32.50 deposited on the 11th; Slack & Offutt, $492.45, deposited on the 9th, and $85 deposited on the same day; and because they have thus traced the proceeds they are entitled to recover the same with interest. *Heidlebach* v. *Bank,* 87 Hun. 117 [33 N. Y. Supp. 794]; *Cady* v. *Bank,* 46 Neb. 756 [65 N. W. Rep. 906].

Of course the bank could not apply the money belonging to plaintiffs in satisfaction of an existing overdraft but upon each day the deposits were largely in excess of the overdraft of the preceding day, and largely from sources other than the property of plaintiffs. The presumption is that the firm intended such deposits from other sources to be applied to the overdraft, rather than the money which belonged to plaintiffs.

It is further urged that the checks of the firm held by the plaintiffs, but not accepted by the bank, created an equity in the fund or a preference over the general creditors: but the law is otherwise in this state. *Covert* v. *Rhodes,* 48 Ohio St.

Hamilton County.

66 [27 N. E. Rep. 94]; *Bank of Marysville* v. *Brewing Co.* 50 Ohio St. 151 [33 N. E. Rep. 1054; 40 Am. St. Rep. 660].

A decree may be entered in accordance with the above finding.

### OPINION ON APPLICATION FOR A REHEARING.

On application for leave to reargue this cause our attention is directed to the testimony of Mr. George Schmidt, the president of the bank. While it is true that checks coming through the clearing house may be returned at any time before 1 o'clock on Saturday and 4 o'clock on other days, and final payment made at that time, yet on Saturday, November 9, the checks were entered in the account about 11 o'clock, and payment became absolute at 1 o'clock, not because of deposits made on that day, but because there was a balance in the account carried over from the preceding day sufficient to pay the checks except the comparatively small sum of $70.09.

This particular fund could not therefore be traced by the plaintiff as in the possession of the bank after the checks were charged to the account.

Application denied.

Smith and Swing, JJ., concur.